## PETER BEEDY vs. EBENEZER REDING.

In an action of trover for a quantity of wood, where it was proved, that the minor sons of the defendant, being members of his family, at three several times hauled away the plaintiff's wood, and the jury found the defendant guilty; *it was held*, that the jury were justified in inferring that it was done with the defendant's knowledge, if it had not his approbation, and that there was no cause for setting aside the verdict.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

The whole bill of exceptions follows. " This action is trover and conversion of twelve cords of wood, tried on the general issue. The plaintiff, to prove the issue on his part, introduced several depositions, tending to show he purchased a *lot of wood;* and that the defendant's boys were seen with his team hauling some of it away. The defendant's counsel contended, there was no evidence that he directed the boys to get the wood, or knew of it, or had any benefit therefrom, and that he was not liable in law for the torts and trespasses of his minor children, unless they acted under his direction, or with his knowledge and approbation, or that he had the benefit thereof. But the Judge did not rule the law to be so, nor so instruct the jury; they returned a verdict for the plaintiff. The writ, depositions, and all the papers in the case *may be referred to by either party* the same as *if made a part* of this bill of exceptions. To the Judge's not ruling the law as defendant's counsel stated it to be, and in not so instructing the jury, the defendant excepts, and requests the same may be allowed and signed."

As the depositions and other papers were not made a part of the bill of exceptions, they were not copied, and are unknown to the Reporter, and could not come with propriety before the Court, as facts influencing the decision.

*Chase & Fuller*, for the defendant, argued, 1. Minor children that transact business for a man, are in this respect his servants. 1 *Bl. Com.* 430. 2. If the defendant is liable for the torts of his minors, it is by force of the relation of master and servant, and his liability must be determined upon the common principles growing out of the relation of master and servant. 3. If the trespass is not done in the course of his master's business, the master is not liable. 1

*East*, 106; *Foster* v. *Essex Bank*, 17 *Mass. R.* 479; 1 *Swift's Dig.* 68; 2 *Kent's Com.* 209; 1 *Bl. Com.* 429. No master is chargeable with the acts of his servant, except when he acts in execution of the authority given by his master. 1 *Salk. R.* 282.

*N. Abbott*, for the plaintiff, contended, that the father was liable for all acts of his children, tortious or otherwise, done while in his employment and under his direction. *Reeves' Dom. Rel.* 72; *Kent's Com.* 189; 3 *Mass. R.* 364; 17 *Mass. R.* 579; 1 *Campb.* 127; 1 *Pick.* 66; 1 *Strange*, 653; *Paley on Agency*, 229, 231. The principles contended for by the defendant's counsel, were inapplicable to the facts of the case, and ought not to have been given to the jury as the law of this case. The minors were seen with the defendant's team repeatedly hauling away the plaintiff's wood, and the jury had good reason to infer, that it was done with the assent, and even direction of their father. The principles contended for were too broad, and would have taken from the jury the right to judge from the acts of parent and children, and the Judge might well think they were irrelevant, and neglect to notice this part of the argument in his charge.

The opinion of the Court was drawn up by

Weston C. J. — The case does not state the instructions actually given by the presiding Judge to the jury. It does not appear, that he was requested by the counsel for the defendant, to instruct them according to his views of the law. All that does appear is, that the counsel took certain legal positions, in relation to which the Judge was silent; for it is not stated that he overruled them. But aside from the manner in which the case is presented, upon examining the evidence, we are not satisfied that the verdict ought to be disturbed. For any thing which appears, the jury negatived the assumptions, upon which the defence was based. The minor sons of the defendant, being at the time members of his family, with the defendant's team, at three several times, hauled away the plaintiff's wood. This could hardly have been done, without the defendant's knowledge, if it had not his approbation. It was his duty to have restrained them from trespassing on his neighbor's property. *Qui non prohibet, cum prohibere possit, jubet.* And this maxim may be applied, with great propriety to minor children,

residing with, and under the control of their father. If he had caused them to carry the wood back, when the fact came to his knowledge, if he did not know it at the time, he would have done his duty to his children and to his neighbor. Considering the relation in which he stood, and the repeated use of his team in getting the wood, it would not be easy otherwise for him to escape legal liability, upon a just view of the facts.

*Exceptions overruled.*