## Edelstein, Appellant, *v.* Sell et al.

*Contract—Sale of real estate—Principal and agent—Ratification —Fraud—Specific performance.*

1. An agreement for the sale of real estate signed only by an agent, but thereafter consented to in writing by the owner, will not be specifically enforced against the latter, if the consent was obtained by fraud.

2. Ratification of a contract, the consent to which was obtained by fraud, can be shown only by acts of affirmance after the fraud becomes known.

3. Acts which can be valid only if the party repudiates the contract, will be held to exclude a claim that it has been ratified, even though nothing has been specifically said on the subject.

Argued January 12, 1921.   Appeals, Nos. 99 and 100, by plaintiff, from decree of C. P. No. 1, Phila. Co., Dec. T., 1918, Nos. 4139 and 4551, dismissing bills in equity and sustaining cross bill, in cases of Norman W. Chain, agent, v. Mary M. Sell, and J. A. Richman Realty Co. v. Jacob Edelstein, Mary M. Sell et al. (cross-bill), and Jacob Edelstein v. Mary M. Sell, J A. Richman Realty Co., and Norman W. Chain, agent.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Bills in equity for specific performance, and cross-bill in first case.   Before Patterson, J.

The opinion of the Supreme Court states the facts.

The court entered a decree dismissing both bills and sustaining the cross-bill.   Jacob Edelstein appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Samuel J. Gottesfeld,* with him *Harry Shapiro,* for appellant, cited: Sylvius v. Kosek, 117 Pa. 67; Corbe v. Burkhert, 43 Pa. Superior Ct. 186; Hromaha v. Bank, 50 Pa. Superior Ct. 466.

*Paul Reilly,* for appellee.

Opinion by Mr. Justice Simpson, February 14, 1921:

On February 9, 1918, Mary M. Sell, the owner of properties Nos. 5400 to 5422 Chestnut street in the City of Philadelphia, entered into a written agreement to sell them to Norman W. Chain, agent, settlement therefor to be made within ninety days.   On May 15, 1918, Brown & Leonard, as agents, entered into another written agreement for the sale of said properties to Sol. Hopkins and A. J. Lieberman, agents for T. H. Langstaff, settlement

therefor to be made in sixty days. Mary M. Sell approved this agreement, which was subsequently assigned to Jacob Edelstein, the appellant, who was acting therein for himself, Sol. Hopkins, A. H. Lieberman, Harry Sklarow and Isador Milgram. On January 15, 1919, Mary M. Sell entered into still another written agreement for the sale of the same properties to the J. A. Richman Realty Company.

After all these agreements had been made, Norman W. Chain, agent, filed a bill in equity against Mary M. Sell praying specific performance of the first of said agreements; in the same suit the J. A. Richman Realty Company filed a cross-bill praying specific performance of the third of said agreements; and appellant filed a separate bill in equity praying specific performance of the second of said agreements. All of these cases were heard together in the court below, resulting in a final decree that the first and third of said bills be dismissed, the cross-bill sustained, and the property conveyed to the J. A. Richman Realty Company; from which decree these appeals are taken.

Among the findings of the trial judge were (1) that the agreement of February 9, 1918, "was in fact a fraud on Mary M. Sell" and (2) that "the approval of the agreement of May 15, 1918, was a fraud on Mary M. Sell, and a continuation of the original fraud in obtaining the agreement of February 9, 1918, perpetrated by her agents and brokers Norman W. Chain and Brown & Leonard." These findings are admitted to be true, were not excepted to and are not assigned as error. The legal conclusion drawn therefrom that the agreement with appellant's assignor is "unlawful and void" because of said fraud, is assigned as error, and it is urged that at most it was only voidable. This, however, is an immaterial matter, for even if it be so, Mary M. Sell, by her repudiation of it, by her later agreement with the J. A. Richman Realty Company, and by her conveyance of the properties to it, in compliance with the decree of the

court below, has elected in the most positive manner to avoid it.  It is also urged that appellant and those associated with him were not parties to the fraud and hence cannot be affected thereby.  We need not consider either of these matters, however, for appellant, whatever his other rights may be, cannot have specific performance of an executory contract, for the sale of land, which has no validity, except by virtue of an assent thereto admittedly obtained by fraud, since this kind of relief is always of grace and never of right.  These considerations are conclusive of the controversy, and hence we need not review the numerous other questions raised by the parties.

The decree of the court below is affirmed and the appeals are dismissed at the costs of appellant.