### RYLEY v. LAFFERTY.
#### No. 1131.

District Court, D. Idaho, N. D.
Nov. 6, 1930.

CAVANAH, District Judge.

Plaintiff, as mother and guardian ad litem of Bertram James Ryley, both citizens and subjects of the Dominion of Canada, bring this action against A. B. Lafferty and wife, citizens and residents of Idaho, to recover damages for injuries sustained by her minor child in being struck and beaten by the minor child of defendants.

The statement of the cause of action, which is challenged by defendants' demurrer, is: "That Elmer Lafferty is the minor son of defendants of the age of about sixteen years, and that at all the times herein mentioned he lived and resided with the defendants at their home in Cœur d'Alene, Idaho, and that at all of said times the said Elmer Lafferty had a vicious and malignant disposition and the habit of persuading and inveigling smaller boys into secluded places and away from older and adult people and of beating, bruising, maiming, and punishing such smaller boys, and that the defendants at all the times herein mentioned well knew of such habit and disposition on the part of their said son, Elmer Lafferty, and that, notwithstanding such knowledge and information, they allowed him to go alone among smaller boys and to continue to inveigle and persuade them into places of secrecy and into secluded places and to beat, bruise, and maim them, and that the defendant A. B. Lafferty encouraged the said boy in such conduct by resenting any resistance or admonition made by other adult persons when such acts were committed by said

boy and in knowing of such disposition and acts of said minor and in failing to protect other boys from such acts of his said minor son. That, with full knowledge of the disposition, trait and habit of the said boy, and on or about the 10th day of March, 1930, at Cœur d'Alene, Idaho, defendants allowed and permitted their said son, Elmer Lafferty, to go at large upon the streets and alleys and commons at and about the city of Cœur d'Alene, and that on or about the said date he, the said Elmer Lafferty, persuaded and inveigled the plaintiff Bertram James Ryley, to go with him to a secluded place in the forest on what is known as Tubbs Hill, contiguous to the city of Cœur d'Alene and Lake Cœur d'Alene, and did then and there wrongfully, unlawfully, and maliciously cause and force plaintiff to undress and did then and there wrongfully, unlawfully and maliciously strike, beat and bruise plaintiff with switches, sticks and straps, and thereby lacerated plaintiff's back and hips and arms and buttock and caused him great pain and rendered him helpless for a time and thereby caused him to become sick and ill, so that he was obliged to remain in bed and to miss school for two weeks and to be under medical attendance during said time."

The pivotal issue, according to defendants' contention, is that it is not stated in what manner the defendants knew of the vicious and malignant disposition on the part of defendants' minor child, or that they knew that he contemplated attacking plaintiff, and inflicting injuries upon him. It is clear from the complaint that it is charged that the defendants well knew of such habit and disposition on the part of their minor son, and that they encouraged him in such conduct by resenting any resistance or admonition made by other adult persons, and failing to protect other boys from' such acts; that notwithstanding such knowledge and information allowed him to go alone among smaller boys and to continue to inveigle and persuade them into places of secrecy, and there beat, bruise, and maim them; that with full knowledge of such disposition and habit of their minor son they did, on March 10, 1930, allow and permit him to go upon the public streets of Cœur d'Alene, which resulted in the acts causing the injuries in question.

While it is true that parents are not liable for torts committed by their minor children without their consent and knowledge, yet the principle applicable to the facts alleged in this case is that the parents are liable if it appears that they knew that their child was guilty of committing the particular kind of tort habitually and encouraged the child, as alleged, and made no effort to correct or restrain him. Under such circumstances as alleged the child's tort was committed with the parents' knowledge and implied acquiescence, and such knowledge and consent may be expressed or implied, rendering the parents liable without proof of their actual knowledge of the tort sued upon. Having full knowledge of their child's habits, traits, and vicious disposition, and encouraging him in the manner charged to continue such acts, would constitute assent and participation on the part of the parents in the tort alleged, and, if so, it would be regarded as negligence upon the parents' part. It may be a question of fact as to whether the child knew of his parents resenting any resistance or admonition made by other adult persons whose children were also beaten and maimed, for to encourage the child the parents must signify their consent to a continuation of their child's conduct, or direct or ratify the act, or that the child was at the time acting as their agent or servant in their interests or for their benefit. Under such circumstances the parent would be liable under the doctrine of adoption of tort. 29 Cyc. 1667; Norton v. Payne et ux., 154 Wash. 241, 281 P. 991; Thibodeau v. Cheff, 24 Ont. L. Rep. 214, Ann. Cas. 1912A, 582.

As to the manner of the parents obtaining knowledge of the disposition and habit of their minor son, it appears by the complaint that the son committed similar acts before upon small boys, and that they had knowledge of it and had failed to take steps to restrain him from continuing the same.

The demurrer to the complaint will be overruled, and defendants given ten days in which to answer.