Phi Chi Fraternity T. U. Chapter Graduate Association *v.* Philadelphia, Appellant, et al.

Argued January 9, 1935.   Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey, Drew and Linn, JJ.

*Israel K. Levy,* with him *John J. K. Caskie,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor, for appellant.

*Philip Werner Amram,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellees, was not heard.

Per Curiam, February 4, 1935:

The City of Philadelphia appeals from the action of the court below in striking off a writ of scire facias issued to join as additional defendants a contractor and the fifteen insurance companies who were sureties on his bond, given to indemnify the city against liability arising from the performance of a construction contract.   Plaintiff brought proceedings before the board of viewers to obtain damages for injuries suffered to its property in connection with a reconstruction of a sewer on Clearfield

Street and the construction of a new sewer on North Park Avenue in the City of Philadelphia, being one of 67 claimants who obtained separate awards for property damage arising from this construction work. Following the award by the board of view, the city took an appeal to the Court of Common Pleas No. 4, of Philadelphia County, and thereafter issued a joint writ of scire facias to join Patrick McGovern, Inc., a contractor, and the above mentioned fifteen surety companies as additional defendants. The contractor and one surety company were not served, but the other fourteen companies were duly served by the sheriff. The court below made absolute a rule to show cause why the writ of sci. fa. should not be stricken off upon the joint motion of the fourteen additional defendants.

The ground of the lower court's action was that the Act of April 10, 1929, P. L. 479, and its amendments, do not apply to a proceeding before the board of view. Appellant challenges the correctness of this decision.

This case is ruled by Borsalino v. City of Reading, 111 Pa. Superior Ct. 549, where it is specifically held that the Act of 1929, supra, does not apply in proceedings of this nature. It is there stated: "The wording of the act contemplates a technical 'action' brought in court by 'plaintiff' against 'defendant,' in which the plaintiff files 'a declaration' or statement of the cause of action on which he relies. A proceeding in the common pleas for the appointment of viewers to view property and assess damages in eminent domain proceedings is not such an action." The jurisdiction of the board of view was limited to a consideration of the damages suffered by plaintiff consequent upon the exercise by the city of its power of eminent domain in the construction work referred to above. The board could not and did not attempt to settle any question of liability as between the city and the sureties on the contractor's bond. On appeal from the report of the board of viewers, the jurisdiction of the court of common pleas was not enlarged to include such

a claim. The court below was clearly right in granting the motion to strike off the writ.

The order of the court below is affirmed.