## Haag, Appellant, v. Bloom.

Argued March 13, 1936.

530

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, PARKER, JAMES and RHODES,
JJ.

*Carl A. Belin,* with him *A. B. Shaw,* for appellant.

*R. H. Pentz,* with him *W. C. Pentz* and *J. J. Pentz,*
for appellee.

OPINION BY KELLER, P. J., April 16, 1936:

This case arose from the fact that two persons, Mrs.
William Haag and Mrs. Charlotte Bloom, made sepa-
rate claim to a sum of money which had been deposited
by Mary Starr, beginning in 1928, in a savings account
in her own name in the First National Bank of Mont-
gomery, Pa. Mary Starr died on October 15, 1934.
Mrs. Haag is her daughter and Mrs. Bloom her sister.

Each claimed the fund by virtue of an agreement
under seal, delivered to the bank, identical in its terms,
signed by Mrs. Starr and Mrs. Haag, and by Mrs. Starr
and Mrs. Bloom, respectively, the former dated May
23, 1934 and the latter August 18, 1934, providing, inter
alia, that the moneys in the account "shall be taken
and deemed to belong to them as joint tenants and not
as tenants in common, while both joint tenants are
living either may draw and in the case of the death of

either, this Bank is hereby authorized and directed to deal with the survivor as sole and absolute owner thereof". Mrs. Bloom brought an action of assumpsit against the Bank. The Bank filed a petition asking leave to pay the money into court and to compel the two claimants to interplead. The interpleader was allowed and the money paid into court. No one seems to have taken any steps to protect the decedent's estate, or her creditors, or to bring in her administrator as an interested party.

Instead of filing an issue in interpleader, Mrs. Haag brought this action of assumpsit and filed a statement of claim setting forth the above and other averments not necessary to be recited, and alleged that "neither Mrs. William Haag, nor Mrs. Mary Starr from May 25, 1934, to August 18, 1934, ever appeared in person at the First National Bank of Montgomery, Pennsylvania, nor did either one sign or execute any order for the withdrawal of money from said account, nor was there any check or draft cashed for said amount in the bank, nor was any further funds deposited in said account". The defendant, Mrs. Bloom, filed what purported to be an affidavit of defense raising questions of law, under Section 20 of the Practice Act of May 14, 1915, P. L. 483; but instead of complying with the practice prescribed by that section,—which furnishes a substitute for a common law demurrer, upon the hearing of which the only point to be decided is whether or not, on the facts averred in the statement, it clearly appears, as a question of law, that plaintiff is not entitled to recover (Rhodes v. Terheyden, 272 Pa. 397, 116 A. 364)—, the affidavit contained averments of fact and what were in effect substantial denials of material averments in the plaintiff's statement. The pleading was bad both as a speaking demurrer (Bovaird v. Barrett, 78 Pa. Superior Ct. 68), and as an attempt to deny what a demurrer necessarily admits, viz., all averments of fact

contained in the pleading demurred to. It contained many of the faults in pleading criticized by Mr. Justice SIMPSON in the affidavit of defense raising a question of law in the case of Steel v. Levy, 282 Pa. 338, 340, 341, 127 A. 766.

The court below, instead of refusing the motion for judgment and directing the defendant to file an affidavit of defense on the merits, entered judgment for the defendant for the amount of the deposit, and in doing so accepted as facts certain averments or conclusions of fact set up by the defendant in her affidavit. This it could not do.

Where parties to an action do not agree as to all the material facts involved it is impossible to dispose of the matter by a case-stated or a statutory demurrer or any other method than by a trial. Inferences to be drawn from facts, the correctness of which may depend on nice distinctions of language, cannot usually be safely made from the averments of a plaintiff's statement, which are denied or qualified in an affidavit of defense, but should rest on evidence taken at a trial, where the facts can be developed fully and the exact meaning of the testimony arrived at.

It is scarcely necessary to add that in no event could judgment for the plaintiff be entered on such an affidavit of defense raising a question of law: Shifferstine v. Sitler, 264 Pa. 290, 292, 107 A. 686; Pottash v. Hartenfeld Bag Co., 267 Pa. 96, 99, 110 A. 147; Geiger v. United States F. & G. Co., 121 Pa. Superior Ct. 554, 184 A. 464.

The judgment is reversed with a procedendo.