Aultman *v.* Pittsburgh, Appellant, et al.

Argued March 24, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Anne X. Alpern,* First Assistant City Solicitor, with her *John J. Kennedy,* City Solicitor, and *Harry C. Beschel,* Assistant City Solicitor, for appellant.

*Edward E. Pearlman,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, May 17, 1937:

This is an appeal by the City of Pittsburgh from an order striking off a writ of scire facias to bring in additional defendants. Plaintiff brought suit against the city to recover damages for personal injuries which she sustained due to a fall in the cartway of one of the city's streets, which she alleges was negligently maintained. The city issued a writ of scire facias and brought in the additional defendants. In the præcipe for the scire facias it is alleged that the defendants to be added "are liable over to it [the city] for the reason that said additional defendants are owners of the property, No. 2108-2112 Watson Street, . . . and hence are primarily responsible for the defect in the sidewalk in front of said premises, which plaintiff alleges caused the injury for which suit is brought."

In her statement of claim plaintiff sets forth that she was lawfully proceeding along the sidewalk of Watson Street and when she reached the portion of the sidewalk which lies in front of the building at 2108-10-12 Watson Street, the sidewalk was so dangerous and unsafe that in the exercise of due care it became necessary for her to step into the street to pass the building. It is further averred that when she was about to reënter the sidewalk "at a point past the building," by reason of the unsafe condition of the street, she slipped and fell. It is alleged that the dangerous condition of the street and sidewalk had existed for some time and that the defendant had actual and constructive knowledge of this. It was finally averred that the plaintiff's injuries were caused by the negligence of the defendant in failing to maintain the sidewalk and street in proper condition.

In their petition to strike off the writ of scire facias, the additional defendants averred that the cause of action as set forth in the plaintiff's statement did not allege that the defect in the sidewalk in front of their

premises caused the injuries for which suit was brought, but that the injuries were caused by plaintiff "falling upon a defective street at a point beyond the aforesaid buildings."

In its opinion striking off the scire facias the court bases its action alone upon the ground we have quoted from the petition; in this connection saying that the injury occurred to plaintiff when she "fell upon the street at a point beyond the aforesaid property at 2108-2112 Watson Street. . . . No act or omission on the part of the additional defendants brought upon the record by writ of scire facias can be said to have been the sole and proximate cause of the injury occurring at a place in the street beyond their property. . . . There are too many intervening causes available to charge the additional defendants with what occurred in the street at a point beyond their property line." The statement of claim does not say that the injury to plaintiff occurred beyond the additional defendants' property line, but that it happened at a "point past the building." This may or may not have been beyond the property line. In the city's brief it is stated as a fact that defendants' property does extend beyond the building. Whether beyond or opposite their property will be a matter for proof. With the pleadings in the shape they are (the writ of scire facias has assumed the status of a pleading: *Vinnacombe v. Phila.*, 297 Pa. 564, 147 A. 826; *Nunamaker v. Finnegan*, 110 Pa. Superior Ct. 404, 168 A. 482; *Rudman v. Scranton*, 114 Pa. Superior Ct. 148, 173 A. 892) we think the situation was not one for summary action by striking off the scire facias.

It cannot be concluded beyond question that there is no liability on the additional defendants; that will depend on the facts shown. Under certain imaginable contingencies, we can conceive of a happening such as that outlined in the statement of claim, where responsibility might be imputed to the additional defendants, whereas, under certain other circumstances, no respon-

sibility would attach to them. The case is one for the development of the facts, and, when they are fully shown, for the application of legal principles to fix or deny liability, not for its denial summarily at this stage of the suit by striking off the writ. Summary judgments or orders determining non-liability should be entered only in cases where non-liability is clear: *Kidder Elevator Interlock Co. v. Muckle,* 198 Pa. 388, 48 A. 272; *Commonwealth Finance Corp. v. Ferrero,* 269 Pa. 264, 112 A. 449; *Rhodes v. Terheyden,* 272 Pa. 397, 116 A. 364; *Stevens v. Smith,* 310 Pa. 287, 165 A. 237; *Rudman v. Scranton,* supra.

While it is true that we have affirmed, in some instances, the striking off of writs of scire facias to bring in additional defendants, this has resulted from procedural defects. Thus in *Shaw v. Megargee,* 307 Pa. 447, 161 A. 546, and *Bowers v. Gladstein,* 317 Pa. 520, 178 A. 44, we recognized the right of the court below to strike off the writ of scire facias where it was issued too late; in *Jones v. Wohlgemuth,* 313 Pa. 388, 169 A. 758, we affirmed the action of the court in striking off the writ of scire facias where it was not alleged that the additional defendants were liable over to the original defendants for "the cause of action declared upon"; and in *Phi Chi Fraternity v. Phila.,* 317 Pa. 284, 176 A. 737, we affirmed the action of the court in striking off the writ of scire facias as the Act of April 10, 1929, P. L. 478, and its amendments authorizing the issuance of the writ to bring in additional defendants does not apply to a proceeding before a board of view. It would have been better practice for the additional defendants, wishing to raise the question of their legal liability, to have filed an affidavit of defense raising questions of law: *Rhodes v. Terheyden,* 272 Pa. 397, 116 A. 364; *Riling v. Idell,* 291 Pa. 472, 140 A. 270.

The order of the court below is reversed with instructions to reinstate the writ. Costs to abide the final determination of the suit.