## Diggan v. York-Buffalo Motor Express, Inc.

*Witmer & Rice,* for plaintiff.

*Knight & Kivko,* for defendant.

*Richard Henry Klein* and *J. Mettler Pensyl,* for additional defendants.

MORGANROTH, P. J., March 3, 1938.—Plaintiff brings this action for damages and charges that her husband's death was caused by defendant's negligence. The action is brought on behalf of plaintiff and her three minor children. One of the children, Fred Diggan, was operating the motor truck in which his father, Charles W. Diggan, was riding at the time of the accident. Both the father and son were at the time in the employ of C. G. Yost, and were engaged in the course of their employment.

Defendant, by writs of scire facias, seeks to bring the employer, C. G. Yost, and the son and driver, Fred Diggan, on the record as additional defendants. Both the employer and the son contend that they cannot be properly joined as additional defendants, and filed affidavits of defense raising questions of law. This is the proper practice, rather than motions to quash: Aultman v. Pittsburgh et al., 326 Pa. 213.

Questions raised by the employer are: (1) When the widow of a deceased employe has sued a third party tort feasor, can the employer be brought upon the record as an additional defendant; and (2) can such employer so be brought upon the record if the writ of scire facias alleges that the employer and co-employe are jointly, rather than individually, liable?

The first question must be resolved in favor of the employer.

"In an action for personal injuries received in the course of the plaintiff's employment, the employer cannot be properly added as an additional defendant where there has been no service of notice of an election not to accept the provisions of the Workmen's Compensation Act": 2 Standard Pennsylvania Practice 415, sec. 89; Neal v. Manufacturers Light & Heat Co. et al., 81 Pitts. 274.

In the latter case, as in the instant case, neither employe nor employer elected not to be bound by The Workmen's Compensation Act of June 2, 1915, P. L. 736.

The principle, that since the enactment of The Workmen's Compensation Act no action at law for compensation for injuries can be maintained by an employe against an employer unless one shall have served notice on the other of an election not to accept the provisions of the act, is so firmly established as to need no citations. In Neal v. Manufacturers Light & Heat Co. et al., supra, it is said:

"The effect of bringing the employer on the record as additional defendant in this case would be that the plaintiff, an employee, could have verdict and judgment against his employer in addition to the compensation he would be entitled to under the compensation act. We agree with the original defendant that 'The allegations contained in the præcipe for scire facias . . . are sufficient to send the case to the jury as against M. O'Herron company,' but we do not agree that the case can go to the jury against the additional defendant where the plaintiff is one of its employees."

To the same effect are Gorske v. Colonial Trust Co. et al., 84 Pitts. 161, Jackson v. Gleason et al., 320 Pa. 545, and Murray et ux. v. Lavinsky et al., 120 Pa. Superior Ct. 392.

As to the second proposition, we are of opinion that the same rule should be applied whether the scire facias alleges the employer and employe are jointly liable or solely

liable: Gorske v. Colonial Trust Co. et al., supra. Under neither allegation should the employer be added as additional defendant.

The affidavit of defense filed on behalf of Fred Diggan contends that he cannot be brought upon the record as an additional defendant, because he is already one of the plaintiffs in the action, and because his mother is a plaintiff, and if he were brought upon the record as an additional defendant the result would be an action by a parent against a minor child.

The acts providing for additional defendants are intended to avoid a multiplicity of suits, but the provisions of these acts should not be extended so that a party is both plaintiff and defendant in the same action.

"The same person may not be both plaintiff and defendant in an action at law, though sued as administrator, and a judgment entered against a defendant in a suit so brought will be stricken off": 2 Standard Pennsylvania Practice 348, sec. 38.

The same rule has been applied to additional defendants. In Jones et al. v. Wohlgemuth, 313 Pa. 388, 390, it is said:

"Moreover, the parties sought to be joined as additional defendants are already on the record as plaintiffs. It is of no consequence that the parents make no claim for damages in their own right. They have brought suit in their own right and are parties on the record. In Shapiro v. Philadelphia, 306 Pa. 216, we held that a party who is already a defendant on the record may not be brought in as an additional defendant, and said that the purpose of the Act of 1929 was 'to bring upon the record as "additional defendants" those not already there.' The same principle is applicable in this instance."

As to the second question raised in the son's affidavit of defense, it is well settled that an action may not be maintained by a parent against an unemancipated child for personal injuries of the parent resulting from the

negligence of the child: Duffy v. Duffy, 117 Pa. Superior Ct. 500.

Counsel for defendant contend that this rule should be tempered where, as in the instant case, the parties are insured by policies covering the liability.

In Duffy v. Duffy, supra, the court said (p. 502):

"In both Crosby v. Crosby, 246 N. Y. S. 384, and Lo Galbo v. Lo Galbo, 246 N. Y. S. 565, the facts were very similar. Recovery in each case was denied. In the latter case, the court, however, questioned the correctness of its conclusion in automobile cases under present day conditions, stating: 'It is a matter of common knowledge that a great proportion of owners of automobiles are protected against damages by insurance, and that in such cases no question of public policy could possibly be involved (excepting only in cases of fraud in the action itself).' But the writer of the opinion felt bound by their former decisions, and stated that to rule otherwise would be futile in the absence of any statute.

"Without a legislative mandate, we see no justification for making such a discrimination, thus segregating automobile cases from other actions by a parent growing out of the negligent conduct of an unemancipated minor, because in many automobile cases insurance might be carried that would give protection. That distinction has never been recognized in any of the decisions called to our attention, and we refuse, as that court did, to adopt such a theory."

Counsel, in the instant case, seek to have this pronouncement set aside, and argue that the Superior Court has lost sight of the fact that the whole character of litigation in actions of trespass has been changed by the advent of the automobile, and that to ignore this fact is to ignore the change that has come in the industrial, economic, and social life of our people since the day when the precedents upon which the court relied were established. This argument, however, is not persuasive. The insurer

undertakes to reimburse the insured for any moneys he must pay on account of his liability in tort. The insurer's liability to plaintiff or defendant is no greater than that of the insured, under the law at the time the contract of insurance was entered into. If no liability attaches to a party, none can attach to his insurance carrier. It is well established that the son cannot be sued by his mother. Until that rule is changed by statute the fact that the parties are insured neither diminishes nor enlarges their respective rights or incapacities.

And now, March 3, 1938, the questions of law herein raised are resolved in favor of the additional defendants, and judgment is herewith entered in favor of the said additional defendants, C. G. Yost and Fred Diggan, on the writs of scire facias issued to bring them upon the record.