## Blieden, Appellant, *v.* Toll.

Argued October 4, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER, RHODES and HIRT, JJ.

*Abraham Blieden,* with him *Joseph Blank,* for appellant.

*Herman Toll,* with him *Lawrence J. M. Rice,* for appellee.

OPINION BY CUNNINGHAM, J., April 10, 1940:

Plaintiff, an attorney at law, practicing in Philadelphia County, sued defendant, a licensed real estate broker, for one-half of the commission collected by the latter from the owners of a property at 2205 St. James Street, Philadelphia, for procuring a purchaser for the same.

The owners of the property were Sol and Sarah Salkin; an agreement for the sale of the same was executed March 23, 1938, and settlement was made shortly thereafter, in the course of which defendant was paid a total commission of $875.

Plaintiff in his statement claimed $437.50, with interest from May 1, 1938. Defendant filed an affidavit of defense in lieu of a demurrer under the provisions of Section 20 of the Act of May 14, 1915, P. L. 483, 12 PS §471, by which he sought to raise certain alleged questions of law. The court below decided these questions in favor of the defendant and entered judgment for him; this appeal by the plaintiff followed.

The basis of plaintiff's demand is thus set forth in his statement of claim:

"3. In March of 1938, plaintiff and defendant entered into an oral agreement wherein and whereby it was mutually understood and agreed that plaintiff was to receive one-half of the commissions collected by defendant in all cases where the plaintiff originated, cooperated or was associated with defendant in making a sale of real estate, particularly for premises 2205 St. James Street, Philadelphia, which said defendant had for sale, and for which plaintiff then had a prospective buyer.

"4. In March of 1938, plaintiff introduced his sister, Mrs. Leonora J. Gordon, widow, to defendant as a prospective purchaser ...... and it was then and there mutually again agreed that if a sale were consummated that said defendant would divide his commissions equally with plaintiff.

"5. On or about March 23, 1938, as a result of plain-

tiff's negotiations, efforts and exertions, an agreement of sale was executed for said premises between the owners, as sellers, and the plaintiff as purchaser for and on behalf of his said sister, the said Leonora J. Gordon, widow, with her consent and at her request and with the knowledge and consent of said defendant ......"

The agreement of sale referred to in the above quoted fifth paragraph, a copy of which was attached to the statement, did not name Leonora J. Gordon as the purchaser but provided that the owners of the property agreed to sell and convey it to "Abraham Blieden (the plaintiff), or his nominee." The record does not disclose how the grantee of the property was designated in the deed delivered at the settlement.

A statutory demurrer is an admission of the truth of all the material facts sufficiently pleaded, and of every inference fairly deducible therefrom: *Troop v. Franklin Savings & Trust Co.*, 291 Pa. 18, 139 A. 492.

Defendant seems to have ignored this principle in the preparation of his demurrer. In it he averred the statement of claim "is not sufficient in law" because: (a) It "discloses on its face a transaction involving the sale of real estate in which the plaintiff is the purchaser"; (b) "The division of commissions between a real estate broker and a person who is the buyer of a property in his own name is contrary to the law"; and (c) "The suit for which this statement of claim was filed is contrary" to the Act of Assembly of May 1, 1929, P. L. 1216, as amended by the Act of July 2, 1937, P. L. 2811, 63 PS §431, et seq.

The averments in the demurrer to the effect that the plaintiff bought the property "in his own name" introduced into the case allegations of fact which amount to the denial of material averments in the statement of claim—thereby making the pleading a "speaking" demurrer: *Steel v. Levy*, 282 Pa. 338, 341, 127 A. 766; *Wright v. Weber*, 17 Pa. Superior Ct. 451; *Vondersmith*

*v. Urban,* 108 Pa. Superior Ct. 103, 165 A. 62; and *Haag v. Bloom,* 121 Pa. Superior Ct. 529, 184 A. 467.

The only inference deducible from plaintiff's statement is that he bought the property "for and on behalf of his said sister ...... with her consent and at her request and with the knowledge and consent of said defendant."

The court below seems to have adopted the averment to the contrary in the demurrer, i. e. that plaintiff was "the buyer of the property in his own name," as the true and correct statement of the capacity in which plaintiff acted in the transaction. A paragraph from its opinion reads: "The effect of allowing the plaintiff to share in the commissions would be to give him, the apparent buyer of the parcel of real estate, a rebate of the purchase price. The sharing of commissions under these circumstances, commonly called rebating and already taboo in other realms of business such as insurance, is palpably contrary to law."

Reference is also made to the prohibition in the sixteenth section of the Real Estate Broker's License Act, supra, 63 PS §446, against the institution of any action or suit for commissions by any person who has not been duly licensed as a "real estate broker," and to the exclusion in paragraph (c) of the second section, 63 PS §432, of "attorneys at law" from the definitions of the phrases, "real estate broker" and "real estate salesman." The opinion then continues: "If the plaintiff, therefore, acted merely in the capacity of attorney, we might have reached a different conclusion in this case, but here the plaintiff appears in the agreement of sale attached to the statement to be the buyer. To permit recovery under this circumstance is contrary, we believe, to the spirit of the Act of 1929 (supra)." As above stated, the agreement provided the property should be conveyed to plaintiff, "or his nominee."

We think it manifest that the issues of fact which the parties have raised in their pleadings, relative to the

capacity in which plaintiff acted, must be determined by a jury, or a judge sitting without a jury, before a proper application of the statute invoked by the defendant can be made.

"Summary judgments or orders determining nonliability should be entered only in cases where nonliability is clear; *Aultman v. Pittsburgh,* 326 Pa. 213, 192 A. 112": *Miller v. Adonizio,* 334 Pa. 286, 6 A. 2d 77.

Judgment reversed and record remitted to the court below with instructions to permit the defendant to file a supplemental affidavit of defense to the averments of fact of the statement within fifteen days from such date as the court below may specify.