## Lerman v. Friedmann et al.

*A. S. Greenwood*, for plaintiff.

*Abraham L. Freedman*, for defendant.

OLIVER, P. J., November 28, 1941.—Plaintiff instituted this action in assumpsit to recover commissions allegedly due him under a contract of employment with defendant. To plaintiff's statement of claim defendant filed an affidavit of defense in lieu of a demurrer, raising a question of law. In this Commonwealth "A statutory demurrer is an admission of the truth of all the material facts sufficiently pleaded, and of every inference fairly deducible therefrom": Blieden v. Toll, 139 Pa. Superior Ct. 436, 438 (1940) ; Troop v. Franklin Savings & Trust Co., 291 Pa. 18 (1927). So viewed, the pleadings established the following facts:

Defendant is a real estate broker in the City of Philadelphia. Pursuant to the usual method of conducting its business, it employed plaintiff in May 1935, "as a salesman for the purpose of soliciting, submitting, following up and assisting the defendant company in procuring prospects for the purchase of real estate, land, etc." At that time it was orally agreed that plaintiff was to receive a drawing account and a commission, from which the amount drawn would be deducted, of 45 percent of any commissions received by defendant "from any client brought to the attention of the defendant in accordance with the plaintiff's employment that resulted subsequently in a sale".

In the course of his employment plaintiff brought to defendant a "client" of his, the Midvale Steel Company, and assisted defendant in selling to the Midvale Steel Company certain parcels of land, for which services plaintiff received his rightful share of commission in August 1936.

In September 1935, plaintiff informed defendant of

the availability of certain other real estate to the Midvale Steel Company. Subsequently, in July 1940, a sale of the designated property to that company was consummated and, for its services in connection therewith, defendant received from the seller, Conkling Armstrong Company, a five percent commission, or $9,000. On the ground that this transaction "was solicited and brought to the attention of the defendant in accordance with the duties conferred upon plaintiff by the defendant in the course of his employment", plaintiff claims $4,050 (plus interest) as his share of the commission under the terms of his contract. Despite repeated demands therefor, defendant has refused to pay plaintiff the whole or any part of that sum.

It is defendant's contention that "the statement of claim purports to state a cause of action for commissions allegedly earned by plaintiff as a real estate salesman or broker, but the statement of claim fails to aver that plaintiff was at any time or is now duly licensed under the laws of the Commonwealth as a real estate broker or salesman".

Provision for the licensing of real estate brokers and salesmen is found in the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, 63 PS §431 et seq. (For the policy behind the act, see Verona v. Schenley Farms Co., 312 Pa. 57 (1933).) Section 6 of this act (63 PS §436 as amended) states:

"From and after January 1, 1930, it shall be unlawful for any person . . . to engage in or carry on the business, or act in the capacity of a real estate broker, or a real estate salesman, within this Commonwealth, without first obtaining a license as a real estate broker or real estate salesman. . . ."

Distinction is clearly made, in this statute, between real estate brokers and real estate salesmen: Real Estate Brokers License Act of 1929, sec. 2(a) and (b), 63 PS §432(a) and (b). A similar distinction is made by plaintiff in his statement of claim. He avers, and for

the determination of the question of law raised by this statutory demurrer it is accepted as true, that defendant is a "broker", and that plaintiff is a "salesman". The distinction attains special significance upon consideration of the specific statutory provisions relating to the institution of actions for compensation. Section 16 of the Real Estate Brokers License Act of 1929, 63 PS §446, provides:

"No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person . . . for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed *real estate brokers*, unless such person . . . was duly licensed hereunder as *real estate broker* at the time of the doing of such act or the rendering of such service." (Italics supplied.)

Nothing is said in this section concerning actions for compensation by real estate *salesmen* and this does not appear to have been merely an oversight, for in other sections of the act the distinction is recognized and maintained, and where both are intended to be included both are mentioned. See, for example, the section which immediately precedes the one just quoted. It concerns the payment of compensation to unlicensed persons, and specific reference is made therein to salesmen as well as to brokers: section 15, 63 PS §445.

Since plaintiff has admitted his status to be that of a real estate salesman, and the averments in the statement of claim as to the nature of his duties clearly sustain this designation, his suit is not barred by section 16 of the Real Estate Brokers License Act, as that section relates only to brokers. However, plaintiff is precluded from recovery by another section of the act, which provides:

"It shall be unlawful for any licensed real estate broker, or real estate salesman, to pay any compensation, in money or other valuable thing, to any person

other than a licensed real estate broker or real estate salesman, for the rendering of any service, or the doing of any of the acts by this act forbidden to be rendered or performed by other than licensees": Real Estate Brokers License Act, sec. 15(a), 63 PS §445(a).

The forbidden acts are set forth generally in section 6, 63 PS §436, which makes it unlawful for an unlicensed person "to engage in or carry on the business, or act in the capacity of . . . a real estate salesman".

In rendering the services for which he now seeks compensation, plaintiff did engage in the business of a real estate salesman, and did act in that capacity. In his statement of claim he avers that the "transaction [for which compensation is sought] was solicited and brought to the attention of defendant *in accordance with the duties conferred upon plaintiff . . . in the course of his employment*". (Italics supplied.)

Therefore, in the event plaintiff is not a licensed real estate salesman, it would be unlawful for defendant to pay for his services as such, and the contract under which defendant purportedly bound itself to perform this unlawful act would itself be illegal. See 5 Williston on Contracts (rev. ed. 1937) sec. 1628, p. 4555. For the court to allow plaintiff to proceed, perhaps to judgment in his favor, in the absence of an averment that he was properly licensed, would be to render enforcible an illegal contract, and to compel defendant, by its sanction, to perform an unlawful act. This the court will not do. "If the plaintiff is compelled to rely upon an illegal contract to make out his right to what he asks, he cannot succeed": Vandegrift v. Vandegrift, 226 Pa. 254, 258, 259 (1910) ; Lamb v. Condon et al., 276 Pa. 544, 549, 550 (1923) ; 5 Williston on Contracts, sec. 1630 et seq. Plaintiff's right to compensation in this case is based solely on the oral contract with defendant, and is therefore within the rule just stated.

The fact that defendant knew or should have known that plaintiff was unlicensed at the time of the execu-

tion of the contract and the performance of services thereunder, is not sufficient to preclude him from asserting this defect in plaintiff's case. It was stated in McMullen v. Hoffman, 174 U. S. 639, 669, 670 (1899) (quoted with approval in Vandegrift v. Vandegrift, supra, p. 260) :

"The court refuses to enforce . . . [an illegal] contract, and it permits defendant to set up its illegality, not out of any regard for the defendant who sets it up, but only on account of the public interest. It has been often stated in similar cases that the defense is . . . only allowed for public considerations, and in order the better to secure the public against dishonest transactions. To refuse to grant either party to an illegal contract judicial aid for the enforcement of his alleged rights under it, tends strongly towards reducing the number of such transactions to a minimum." See also comment to 2 A. L. I. Restatement of Contracts, sec. 598.

The question of law is therefore decided in favor of defendant.

### Order

And now, November 28, 1941, the affidavit of defense in lieu of a demurrer is sustained with leave to plaintiff to file an amended statement of claim within 10 days from this date.