## Diamandas Estate

Before Sinkler, P. J., Klein, Bolger and Hunter, JJ.

*Trommer, Silver & Barsky,* for petitioner.
*Paul I. Guest,* contra.

KLEIN, J., December 22, 1950.—Michael Diamandas, decedent, died intestate on February 6, 1950, leaving to survive him, in addition to his widow, three daughters and a son.

Letters of administration were granted to Florence Diamond, one of the daughters on February 21, 1950. On June 7, 1950, she approved an agreement for the sale of premises 3300 Spring Garden Street, Philadelphia, which constituted the principal asset of the estate, to Sidney Rosengard for a purchase price of $11,700. She was represented in this transaction by a reputable member of our bar.

The agreement provided for settlement to be held on September 5, 1950. The purchaser was ready and willing to complete the settlement but the administratrix refused to execute a deed of conveyance.

The purchaser, thereupon, filed a petition with this court, upon which a citation was issued directed to the administratrix and the other next of kin to show cause why specific performance should not be decreed of her agreement to sell the real estate.

An answer was filed by the widow and her three children, exclusive of the administratrix, who did not join therein or file a separate answer on her own behalf. In the answer new matter was alleged. Petitioner thereupon filed preliminary objections which were argued before the court en banc.

Our study of the pleadings before us leads to the impression that respondents are attempting to evade the terms of a fair agreement made for an adequate price solely because they have changed their minds with respect to the advisibility of selling this real estate. The answer in part, at least, is evasive and lacking in frankness and candor. It does, however, contain allega-

tions, which, if true, would raise a serious question concerning the purchaser's right to specific performance.

The law is well settled that when a matter is heard on preliminary objections all well-pleaded averments in the pleading to which objection has been made are to be taken as true: Shaffer et al. v. Shaffer et al., 354 Pa. 517, 521 (1946) ; Hamilton Estate, 351 Pa. 419, 421 (1945) ; Blieden v. Toll, 139 Pa. Superior Ct. 436, 438 (1939).

We have often expressed reluctance to dispose of litigation upon preliminary objections, as experience has convinced us that the ends of justice are best served when the parties are given full opportunity to present the complete factual situation to the court: Rodgers' Estate, no. 610 of 1950, O. C. of Philadelphia County (not reported) ; Reichert's Estate, 52 D. & C. 254 (1944) ; Fox Estate, Jan. term, 1922, no. 568, O. C. of Philadelphia County (not reported) ; Kauffman's Estate, no. 2608 of 1949, O. C. of Philadelphia County (not reported). This is especially true in cases such as the one before us, because specific performance of a contract is not a matter of legal right, but is a matter of grace, and will not be decreed if enforcement would be inequitable under the particular set of facts: Hoffman's Appeal, 319 Pa. 1 (1935) ; Edelstein v. Sell et al., 269 Pa. 288, 291 (1921).

Another cogent reason which prompts us to direct a full hearing in this matter before we reach a final decision is the fact that this appears to be a case of first impression under the new Fiduciaries Act of April 18, 1949. This statute introduces radical departures in the law of this Commonwealth. It enlarges the powers of decedents' personal representatives, giving them control over decedents' real estate until it is sold or distributed by decree of court or until control is relinquished to the heirs or devisees after ascertainment

that the real estate is not needed for distribution (see comment, section 501).

It is not necessary for us to review here the various provisions of this act, except to refer to section 545, which provides:

"The Court, on its own motion or upon application of any party in interest, in its discretion, may restrain a personal representative from making any sale under an authority not given by will or from carrying out any contract of sale made by him under an authority not so given. . . ."

In order to properly exercise the discretion which is vested in this court by the statute we must regard each case as sui generis and our decision must ultimately depend upon the factual situation existing in each particular case. We are, therefore, of the opinion that final decision should be withheld until the parties have been afforded a full opportunity to present all facts pertinent to the issue at a hearing fixed for that purpose.

Accordingly, the preliminary objections are dismissed and leave is granted the petitioner to file a reply within 30 days from the date of this opinion.