## Seaman et ux. v. Hockman et ux.

*William R. Cameron, Jr.*, for plaintiffs.

*C. William Freed, Jr.*, for defendants.

BIESTER, J., November 6, 1953.—This is an action in trespass in which plaintiffs are a minor child by her father as guardian and her parents in their own right against a minor defendant and his parents. The cause of action arises out of minor defendant's having hurled "a large fragment of a glass drinking cup" at the minor plaintiff, striking the child on the face and left eye and causing the loss of sight of that organ.

Counsel for defendants, on behalf of adult defendants, has filed preliminary objections to the complaint in the nature of a demurrer, contending that the allegations in the complaint do not set forth a good cause of action as against the parents of minor defendant.

"Under such circumstances, every relevant fact sufficiently averred in the statement of claim, every inference fairly deducible therefrom, and every fact of which the court can take judicial notice, must be accepted as true; but all others must be treated as nonexistent: Robert Grace Contracting Co. vs. Norfolk & Western Ry. Co., 259 Pa. 241.": Troop v. Franklin Savings & Trust Co., 291 Pa. 18, 20, 139 Atl. 492; Lipschutz v. Lipschutz, 124 Pa. Superior Ct. 380, 387, 188 Atl. 556; Blieden v. Toll, 139 Pa. Superior Ct. 436, 438, 12 A. 2d 487; Condel et al. v. Savo et ux., 350 Pa. 350.

The complaint avers that minor defendant is 12 years of age and resides with his parents; that he has a vicious, malignant disposition, and had the habit of mauling, striking, pummelling and assaulting children; that the parents were frequently notified of similar vicious, unwarranted and unlawful attacks made by minor defendant upon other children; that the parents failed to exercise due care to correct, control, curb and otherwise restrain the vicious propensities of the child or to prevent him from intentionally harming others, but on the contrary assented to and encouraged said conduct.

The statement of facts as set forth in the complaint bears close resemblance to that averred in the case of Condel et al. v. Savo et ux., supra, and it is apparent that the pleader designedly followed the language used in that and similar cases.

In the Savo case the parents, having been apprised of their child's propensity to assault younger children,

and having failed to exercise reasonable care in preventing him from intentionally harming others, permitted their child to play with young children in the immediate vicinity of their residence. While in the company of Robert Condel, a minor child, the Savo child assaulted him and threw him down a steep embankment, fracturing the child's leg.

The lower court, under this statement of facts, sustained the affidavit of defense raising questions of law, which ruling was reversed by the Supreme Court.

Our appellate court held that, although mere knowledge by the parents of the child's mischievous and reckless disposition is not enough to make them liable for the torts of their child, parental liability may arise from the failure to exercise the control which they have over their child when they know, or in the exercise of due care should know, that injury to another is a natural and probable consequence and that such failure to act and restrain the child amounts to an approval and sanction of his acts by the parents. The theory of liability is not based upon the parent and child relationship, per se, but rather on the theory that the child is the conduit of the parents' own negligence and that where the parents' negligence is the proximate cause of the injury, the parents may become liable for the torts of their child.

The court cites Norton v. Payne et ux., 154 Wash. 241, 281 Pac. 991; Ryley v. Lafferty, 45 F. 2d 641 (Idaho) in support of this proposition.

Defendants seek to distinguish the Savo case from the instant one on the theory that the ability to control the child *at the time of the occurrence* is an essential factor in creating the responsibility of the parents for their child's tort, and that since the child was in a public school at the time of the overt act, the ability to control was then absent.

In support of this argument defendants cite the

A. L. I. Restatement of the Law of Torts, vol. 2, §316, which is as follows:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

In commenting on this rule the restatement suggests that:

"The duty of a parent is only to exercise such ability to control his child as he in fact has at the time when he has the opportunity to exercise it and knows the necessity of so doing."

It is our view that this rule should not be construed as creating liability only in those situations in which the ability to control is immediately present at the time of the commission of the harm. That is to say, it is not essential that the ability to control must exist at the precise moment at which the child inflicts the injury. It is our conception that the ability to control, the opportunity to exercise such control and the knowledge of its necessity, coexist.

It is not the failure of the parent to exercise his ability to control the child as of the time of the occurrence, but rather the condoning of the conduct of the child and encouraging it in its vicious proclivities prior thereto which create the parental liability. Counsel has cited no cases in support of the theory that the ability to control must be coexistent with the overt act and our search has revealed none. There are, however, many cases holding the parent to be liable, although not physically present at the time of the overt act. See Condel v. Savo, supra; Norton v. Payne, supra; Ryley v. Lafferty,

supra; Sharpe et al., v. Williams, 41 Kan. 56, 20 Pac. 497; Beedy v. Reding, 16 Me. 362.

As a part of this argument, defendants contend that, since the overt act took place in a public school, and since under the Act of March 10, 1949, P. L. 30, art. XIII, 24 PS §13-1317, the teacher is placed in the status of being *loco parentis* to the child insofar as discipline and conduct is concerned, and since, under our compulsory school laws, the defendants' child, through no voluntary act of the parents, was with other children to whom he might do injury and yet beyond the parents' ability to control him, they should not be held at fault. We are not in accord with this reasoning.

We do not believe that we would be justified in holding as a matter of law that, however negligent the parents might have been in failing to restrain the vicious habits of their child, and no matter what degree of encouragement was given to the child, liability can be escaped because the parents did not voluntarily place the child in an atmosphere and situation conducive to the likelihood of the child's exercising his vicious tendencies upon other children. It may be agreed that the place of occurrence of the overt act might well be one of the factors which the jury would take into consideration in passing upon the parents' negligence and might become a matter of factual consideration on the question of proximate cause. Thus, in the present case the degree of encouragement and the time relationship between it and the assault are unrevealed by the pleading, being matters of evidence to be developed at the time of the trial of the cause.

Plaintiffs may have difficulty in producing sufficient legal evidence to sustain the various averments in the complaint, but we will not preclude them from attempting to do so.

In accordance with the views herein expressed we make the following

*Order*

Now, to wit, November 6, 1953, the preliminary objections to the complaint are dismissed with leave, however, to defendants to file an answer to the merits within 20 days hereof.