## Fleming et al., Appellants, v. Kravitz.

*Negligence—Child playing with toy air gun—Discharge of match from gun—Injury to playmate—Liability of parent—Nonsuit.*

In an action against the father of a six-year-old boy to recover for injuries to plaintiff's son resulting from defendant's son discharging from a toy air gun an ordinary match, which for some undisclosed reason was in the barrel of the gun, a compulsory non-

suit was properly entered where the only negligence alleged was in permitting the boy, immature and inexperienced as he was, to be in possession of such a plaything after defendant had received warning from several persons who knew no more than he himself did, that danger of accident attended such indulgence on his part.

Argued Jan. 9, 1918.   Appeal, No. 139, Jan. T., 1917, by plaintiffs, from judgment of C. P. No. 2, Philadelphia Co., June T., 1916, No. 4090, refusing to take off compulsory nonsuit in case of John Fleming, a minor, by his next friend and father, Thomas E. H. Fleming, and the said Thomas E. H. Fleming, in his own right, v. Israel Kravitz.   Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Trespass for personal injuries.   Before ROGERS, J.
The facts appear by the opinion of the Supreme Court.
The lower court entered a compulsory nonsuit which it subsequently refused to take off.   Plaintiffs appealed.

*Error assigned,* among others, was in refusing to take off the compulsory nonsuit.

*Maxwell Pestcoe,* for appellants, cited:  Loughlin v. Penna. R. R. Co., 240 Pa. 174; Swanson v. Crandall, 2 Pa. Superior Ct. 85; Strohl v. Levan, 39 Pa. 177; Neumiller v. The Acme Motor Car Co., 49 Pa. Superior Ct. 183; Ramsey v. Martin, 45 Pa. Superior Ct. 645; Welliver v. Irondale Electric Light, Etc., Co., 38 Pa. Superior Ct. 26.

*David Phillips,* for appellee.

OPINION BY MR. JUSTICE STEWART, February 25, 1918:
This case was properly decided in the court below.  A child of six years in playing with a toy air gun in the barrel of which, for some undisclosed reason, there was the stem of an ordinary match, discharged it, with the

result that the match struck the corner of the eye of the plaintiff's boy, who was standing within a few feet. The boy struck was but a year or two older than the boy who discharged the gun. The injury he sustained was but slight. Action was brought by the father of the injured boy against the father of the boy who discharged the gun, to recover damages. The negligence alleged on the latter's part was his permitting his boy, immature and inexperienced as he was, to be in possession of such a plaything after warning he had received from several persons who knew no more than he himself did, that danger of accident attended such indulgence on his part. The testimony in the case involved the parent in the misfortune to no greater extent than we have just indicated. The case presents nothing that calls for discussion. The nonsuit was properly directed.

The judgment is affirmed.