Condel et al., Appellants, *v.* Savo et ux.

Argued May 25, 1944. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Hughes, JJ.

*Vandling D. Rose,* with him *Geo. W. Ellis,* for appellants.

*William J. Fitzgerald,* with him *Joseph J. Cimino* and *Fitzgerald & Kelly,* for appellees.

Opinion by Mr. Justice Hughes, September 25, 1944:

The court below entered judgment for the defendants for want of a sufficient statement of claim in an action

of trespass brought by the plaintiffs against Frank Savo and Mary Savo, the parents of Julius Savo, a minor, for injuries inflicted by him upon Robert Condel, the minor child of the plaintiff, John Condel. The statement of claim avers that Julius Savo lived with his parents and at all times "had a vicious, malignant disposition, and had the habit of mauling, pummelling, assaulting and mistreating smaller children when playing on the streets or in secluded, vacant lots, and of beating, bruising, and punishing such smaller children"; that the defendants "well knew of such habit, . . . and that notwithstanding such knowledge and information they allowed him to go alone among smaller children and continue to assault, misuse, beat, bruise and punish them," and the defendants "encouraged such boy in such conduct by resenting any resistance or admonition made by other adult persons when said acts were committed by the said boy and knowing of such disposition and propensities and acts of said minor child and in failing to protect other children from such acts of said minor son". It is then averred that with full knowledge of the disposition, trait and habit of their boy, he was permitted on the evening of October 1, 1943, to go at large where minor children were playing, and with his fists assaulted Robert Condel and with great force threw him down a steep and precipitous embankment, fracturing his leg. It is further averred, "having been frequently notified by complaining neighbors of many similar vicious and unlawful attacks on little children, [the defendants] failed and neglected to exercise reasonable care so to control the said Julius Savo as to prevent him from intentionally harming others and from so conducting himself as to create an unreasonable risk of bodily harm to plaintiff and others as they knew or had the ability to know that they had the ability to control said minor child and knew or should have known of the necessity and opportunity for exercising such control, particularly as the place of said assault was in the immediate vicinity of their residence and a place where young children daily played together,

. . . as they had received complaints from neighbors and others of the bullying, vicious conduct of the said Julius Savo for a long period of time prior to the trespass herein complained of and encouraged him in the manner aforesaid to continue such action, in that they, when complained to, resented any resistance or admonition made by any adult person when committed by the said boy."

The affidavit of defense raises the question of the sufficiency of the plaintiffs' statement of claim. "Under such circumstances, every relevant fact sufficiently averred in the statement of claim, every inference fairly deducible therefrom, and every fact of which the court can take judicial notice, must be accepted as true; but all others must be treated as nonexistent: *Robert Grace Contracting Co. v. Norfolk & Western Ry. Co.*, 259 Pa. 241": *Troop v. Franklin Savings & Trust Co.*, 291 Pa. 18, 20, 139 A. 492; *Lipschutz v. Lipschutz*, 124 Pa. Superior Ct. 380, 387, 188 A. 556; *Blieden v. Toll*, 139 Pa. Superior Ct. 436, 438, 12 A. 2d 487.

At common law the mere relation of parent and child imposes upon the parent no liability for the torts of the child, but the parents may be liable where the act of the child is done as the agent of the parents or where the negligence of the parents makes the injury possible. The injury committed by the child must have been the natural and probable consequence of the parents' negligent act, that is, a consequence which, under the surrounding circumstances, might and ought reasonably to have been foreseen as likely to flow from such negligent act. "Things or results which are only possible cannot be spoken of as either probable or natural. For the latter are those things or events which are likely to happen and for that reason should be foreseen. Things which are possible may never happen, but those which are natural or probable are those which do happen and happen with such frequency or regularity as to become a matter of definite inference. To impose such a standard of care as requires, in the ordinary affairs of life, precaution on the part of individuals against all the possibilities which

may occur, is establishing a degree of responsibility quite beyond any legal limitations which have yet been declared": *Swanson v. Crandall et al.,* 2 Pa. Superior Ct. 85, 90. "In determining what is proximate cause, the true rule is, that the injury must be the natural and probable consequence of the negligence—such a consequence as, under the surrounding circumstances of the case, might and ought to have been foreseen by the wrongdoer as likely to flow from his act": *Hoag & Alger v. L. S. and M. S. Railroad Company,* 85 Pa. 293; *S. S. Pass Ry. Co. v. Trich,* 117 Pa. 390, 11 A. 627; *Milwaukee, etc., Railway Co. v. Kellogg,* 94 U. S. 469; *Swanson v. Crandall,* supra. In *Norton v. Payne et ux.,* 154 Wash. 241, 281 P. 991, an infant of five years was struck in the eyeball with a stick by the seven-year-old child of the defendants, and the evidence established that the defendants' child possessed a habit of striking other children, of which the defendants had knowledge but took no steps to correct, the defendant-mother stating that her husband had mentioned to her the habit of their daughter of picking up sticks and hitting other children, and that her husband upheld her in her conduct; and it was there stated: "It is true that parents are not liable for torts committed by their minor children without participation in the fault by the parent; and it is not enough to make the father liable that he knew that his child was heedless or vicious. 20 R. C. L. 627. But, by the same authority, it seems to be stated as a general rule that the parent is liable if he was himself guilty of negligence. He is liable, however, only for his own fault and not that of his child. While it is also true that the parents did not actually participate in the particular tort here in controversy, they did know of the habit of their child of striking other children with sticks. They were bound to know that was a habit liable to cause injury to other children, especially smaller children. No one could be so familiar with the habit of a child of that age as the parent, and while the parent cannot be held to the degree of liability of one harboring a vicious dog after notice of its vicious-

ness, or a wild animal, we think parents should be held responsible and liable for a dangerous habit of a child of which they have knowledge and take no steps to correct or restrain. It is that which constitutes the negligence on the part of the parent." A statement of claim very similar to the one in this case was filed in *Ryley v. Lafferty,* 45 Fed. (2d) 641 (Idaho) and in overruling the demurrer filed thereto the court stated: "Having full knowledge of their child's habits, traits, and vicious disposition, and encouraging him in the manner charged to continue such acts, would constitute assent and participation on the part of the parents in the tort alleged, and, if so, it would be regarded as negligence upon the parents' part. It may be a question of fact as to whether the child knew of his parents resenting any resistance or admonition made by other adult persons whose children were also beaten and maimed, for to encourage the child the parents must signify their consent to a continuation of their child's conduct, or direct or ratify the act, or that the child was at the time acting as their agent or servant in their interests or for their benefit. Under such circumstances the parent would be liable under the doctrine of adoption of tort. 29 Cyc. 1667; *Norton v. Payne et ux.,* 154 Wash. 241, 281 P. 991; *Thibodeau v. Cheff,* 24 Ont. L. Rep. 214, Ann. Cas. 1912A. 582," [American and English Annotated Cases, Vol. 22, p. 582].

Mere knowledge by the parents of the child's mischievous and reckless disposition is not enough to make them liable for the torts of the child; but their liability arises from failure to exercise the control which they have over their child, when they know, or in the exercise of due care should know, that injury to another is a natural and probable consequence, for such failure to act and restrain the child amounts to an approval and sanction of, or consent to, his acts by the parents. The averments of the plaintiffs' statement of claim charging the parents with full knowledge and approval of the tortious acts of their minor son are sufficient to charge the

parents with negligence for which they may be answerable in damages for injuries caused thereby.

The judgment is reversed with a procedendo.