Opinion by
 

 Hirt, J.,
 

 The minor-plaintiff, a seven-year-old child, suffered serious injury from a gunshot Avound. The jury found that the injury Avas the proximate result of the defendant’s negligence and aAvarded damages in favor of the child’s parents to compensate them for hospital and
 
 *353
 
 medical expense incurred, and, in a second verdict against the defendant, made an allowance to the minor for pain and suffering. The lower court properly refused to enter judgments in favor of the defendant n. o. v. under the circumstances.
 

 The verdicts establish these facts: Defendant had a .22 caliber repeating rifle which he kept in his home. On the evening in question he had invited his eleven-year-old son to go with him to a public refuse dump in Donora to shoot rats. He had brought the gun from his room and placed it unattended behind a door in the living room on the first floor of the house while he went to a chicken coop in the back yard. In the father’s absence the son found the gun there and took it with him to the family automobile which was parked in front of the house, in readiness for the trip to the dump. The son saw the minor-plaintiff standing nearby and called the child to him to demonstrate the operation of the gun. Unknoivn to the son there Avere cartridges in the magazine of the rifle which the father had left in the gun after last using it. In shoAving the minor-plaintiff Iioav the gun worked, defendant’s son operated the mechanism which transferred a cartridge from the magazine into the firing chamber. This operation cocked the gun and the load Avas discharged into the leg of the plaintiff-child when defendant’s son intentionally, or other Avise, pulled the trigger.
 

 This case does not invoke the theory of vicarious liability imposed upon a father for the tortious conduct of his son. The verdicts of the jury charged the defendant with negligence, imposing liability on him because of his own acts in relation to the gun under the principle, which controls this appeal, stated thus in §308 of the Eestatement, Torts: “It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or
 
 *354
 
 should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others”. There are few things as attractive to a young boy as a gun. And in recognition of that fact this comment appears in the above section of the Restatement: “b. The rule stated in this Section has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing which the actor permits him to use. Thus, it is negligent to place loaded firearms or poisons within reach of young children or feebleminded adults”. Even before the Restatement, it was the generally accepted rule that a father’s conduct in permitting his child to have access to a dangerous instrumentality, which the child used to the damage of another, may be negligence depending upon the circumstances, imposing liability upon the father for the injury. See Annotations, 12 A. L. R. 812 and 44 A. L. R. 1509. The rule had application in Pennsylvania. In
 
 Archibald v. Jewell,
 
 70 Pa. Superior Ct. 247, the question of the negligence of a father in knowingly permitting his son to possess an air rifle which discharged a BB shot with such force as to destroy the eye of the plaintiff at a distance of fifty feet, was held to be for the jury. Cf.
 
 Loughlin v. Penna. R. R. Co.,
 
 240 Pa. 174, 87 A. 294.
 
 Fleming et al. v. Kravitz,
 
 260 Pa. 428, 103 A. 831, on which defendant relies, not only is distinguishable on its facts, but its holding has been discreditéd by the Pennsylvania Annotation of the above section of the Restatement on the ground that it is out of line with all of the other Pennsylvania cases.
 

 Under the charge of the court, as to which there is no complaint, the jury were justified in the present case in finding also that the defendant’s negligence was the
 
 *355
 
 proximate cause of the injury, since it was the natural and probable consequence of his negligent act in making the loaded gun accessible to his son. The likelihood of harm to others ought to have been foreseen by the defendant under the circumstances.
 
 Wassell et ux. v. Ludwig,
 
 92 Pa. Superior Ct. 341;
 
 Condel et al. v. Savo et ux.,
 
 350 Pa. 350, 39 A. 2d 51.
 

 Judgments affirmed.