## Savage v. Leja et al.

214

*John F. Roney*, for plaintiff.
*John J. Moschetta*, for defendants.

CARSON, P. J., April 5, 1954.—Plaintiff filed a complaint in trespass alleging that Edward Leja, one of the defendants, and a son of defendants, John and Mary Leja, wrongfully, wilfully and deliberately set fire to the property of plaintiff by "striking a match" and thereby destroying goods and chattels of plaintiff to the value of $1,482.20. Plaintiff alleges that Edward Leja failed to use proper care and caution in disposing of the match, and that he had the matches in his possession contrary to the instructions of his parents. Plaintiff claims that the parents were negligent in failing to instruct Edward not to have matches in his possession, and in failing to foresee that a person of the age of Edward might cause damages to property. The complaint does not set forth the age of Edward Leja.

Defendants filed a preliminary objection in the nature of a demurrer, citing as reason that, "the facts alleged in the complaint do not set forth a cause of action between plaintiff and defendants, John and Mary Leja". The question of the negligence and liability of defendant, Edward Leja, is not at issue.

An examination of the complaint indicates that the only allegations of alleged negligence on the part of John and Mary Leja are: "(a) by failing to instruct the said Edward Leja not to have matches in his possession; (b) by failing to foresee that a person of the

age of Edward Leja might cause damages to property; (c) by failure to instruct the said Edward Leja in the proper use and care of matches; (d) by permitting the said Edward Leja to have possession of said matches."

That plaintiff's action cannot be sustained is readily apparent from the pleadings. The Pennsylvania procedural rules provide a system whereby the parties, by sworn pleadings, fully state their respective positions in advance of trial, in order that the issues may be framed without the need of auxiliary pleadings: Goodrich-Amram Procedural Rules, sec. 1017.

Plaintiff relies heavily upon his citation of Fleming et al. v. Kravitz, 260 Pa. 468, where the father of a six-year-old child had been sued for injuries inflicted when a toy air gun was discharged containing a match. This case has since been discredited and is out of line with other Pennsylvania cases: Pennsylvania Annotations to A. L. I. Restatement of the Law of Torts; Mendola et al. v. Sambol, 166 Pa. Superior Ct. 351, 354. The cases in which nonsuits were granted, cited by plaintiff, do not assist plaintiff in the instant case.

By a demurrer, defendants admit every relevant fact sufficiently averred in the statement of claim, and every inference fairly deductible therefrom. Every fact of which the court can take judicial notice must be accepted as true, but all other inferences and statements de hors the record must be treated as nonexistent: Condel et al. v. Savo et ux., 350 Pa. 350, 352. For the present purpose we must accept as true the averments in the complaint: Byers v. Ward, 368 Pa. 416, 420.

The legal principles controlling this case are set forth in the A. L. I. Restatement of the Law of Torts, §308, as follows:

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should

know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

In the annotations to section 308 it is stated that: "The Pennsylvania cases are in accord." Counsel in his oral argument and in his brief relied upon the decisions which hold that it is negligent to place guns and ammunition within the reach of children: Shaffer v. Mowery, 265 Pa. 300; McMillen et al. v. Steele, 275 Pa. 584; Archibald v. Jewell, 70 Pa. Superior Ct. 247; Wassel et ux. v. Ludwig, 92 Pa. Superior Ct. 341; Pierson et al. v. London, 102 Pa. Superior Ct. 176; Swanson v. Crandall, 2 Pa. Superior Ct. 85. These decisions are not applicable to the instant case.

The relationship of parent and child imposes no liability upon the parents for the torts of the child unless the parents are guilty of negligence themselves. It is the duty of the parents to exercise control over their child when they know, or in the exercise of due care, should know that injury to another will be the natural and probable consequence of their failure to exercise control. But there must be allegations of such knowledge and failure to act: Condel v. Savo, supra; O'Malley v. Pennacchioli (or Pennachael), 8 D. & C. 635. The law is clearly stated in A. L. I. Restatement of the Law of Torts, 858, §316:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent (a) knows or has reason to know that he has the ability to control his child, and (b) knows or should know of the necessity and opportunity for exercising such control."

Upon the filing of the demurrer, plaintiff had the election to amend the complaint, or to await the determination of the preliminary objections and, in the

event they were overruled, to plead over within the time fixed by the court: Rules 1017 and 1028.

For the reasons before recited and the authorities referred to, defendants' preliminary objection will be sustained, but leave will be granted to plaintiff to file an amended complaint.

### Order

And now, to wit, April 5, 1954, the preliminary objection filed by defendants on November 30, 1953, is sustained.

Plaintiff is granted permission to file an amended complaint in conformity with this opinion before April 26, 1954; otherwise, judgment of non pros is to be entered: United Mercantile Agencies v. Slotsky et al., 107 Pa. Superior Ct. 467, 472, 473.