## Windish v. Watts

*Robert M. Hammond,* for plaintiffs.
*Frederick E. Smith,* for minor defendant.
*Peter S. Thompson,* for defendant's parents.

BECKERT, *P.J.*, January 16, 1979—We have before us for decision the question of whether the Act of July 27, 1967, P.L. 186, 11 P.S. §2003, imposes liability on each parent in the sum of $300 or a total amount of $300 for both parents and whether the parents of defendant minor are liable to the parents of an injured minor plaintiff as well as to the injured minor plaintiff himself.

The above-mentioned act provides in material part as follows: "Any parent whose child under the age of eighteen years is found liable or is adjudged guilty by a court of competent jurisdiction of a wilful, tortious act resulting in injury to the person, or theft, destruction or loss of property of another, shall be liable to the person who suffers the injury, theft, destruction or loss to the extent hereinafter set forth." 11 P.S. §2002.

While the background in this case is not of great

significance it will perhaps be helpful to a better understanding of this opinion.

Plaintiffs initiated the litigation by filing a complaint in trespass. The matter was in due course heard by a board of arbitrators and the board entered an award in favor of minor plaintiff in the amount of $1,000 and in favor of the parents of minor plaintiff in the amount of $452.45. These awards were reduced to judgment on November 4, 1977.

On February 10, 1978, a rule was entered upon Roger Watts and Nancy Watts, parents of defendant minor, Robert Watts, to show cause why judgment should not be entered against them as requested in plaintiffs' petition pursuant to 11 P.S. §2001 et seq. A reply to that petition was timely filed. The matter is now before us for decision pursuant to plaintiffs' motion for rule absolute.

The first of the two questions heretofore posed does not present a problem. While it is true that in section 2 of the act the term "parent" is found, the definition section of the act provides: "(2) 'Parent' includes natural or adoptive parents." If the legislators wish to impose a liability of $300 on each parent they could have easily so stated in section 4(a) of this act but did not do so. The act there states, "Liability of the *parents* shall be limited to three hundred dollars ($300) for injuries to the person . . ." 11 P.S. §2004. (Emphasis supplied.) We therefore do not see how the act under consideration can be construed to support separate liability against each parent making each liable in the sum of $300.

As to the asserted separate claim on behalf of

minor plaintiff's parents for $425.45, or to be completely accurate, their claim against each individual parent of defendant in the sum of $226.23, we likewise find no merit in plaintiffs' position. We assume, although it is not spelled out in the arbitrator's award, that this award was made to plaintiff's parents as a result of the medical expenses that they incurred in treating their minor child's injuries or the loss which they suffered due to the loss of the child's services. Whether it is either of the above, it is clear that plaintiff's parents' claim is a derivative action arising from the wrong and ensuing injuries wilfully and tortiously caused to their minor plaintiff by minor defendant.

If plaintiff was not a minor, plaintiff's right to recover against defendant minor's parents would have been limited to $300. Why by virtue of plaintiff being a minor should this ceiling now be increased? To ask this question supplies the answer.

The act itself provides: "Liability of the parents shall be limited to three hundred dollars ($300) for injuries to the person, or theft, destruction, or loss of property suffered by any one person as a result of one wilful, tortious act . . ." 11 P.S. §2004. Here, there was injury only to one person and only one wilful, tortious act.

We fail to find any provision in the act supporting plaintiff's parents' position. The law existing in this Commonwealth prior to this act was to the effect that the mere relation of parent and child imposed upon the parent no liability: Condel v. Savo, 350 Pa. 350, 39 A. 2d 51 (1944), and while this tenet was changed by the Act of Assembly now before us, it has not been changed to the extent sought by the present plaintiffs, but as previously stated limits

liability to a total figure of $300 for a wilful, tortious act committed upon one person.

Therefore, the rule to show cause heretofore granted upon Roger Watts and Nancy Watts, parents and natural guardians of Robert Watts, as to why judgment should not be entered against them is made absolute and in accordance with this opinion we enter the following

## ORDER

And now, January 16, 1979, judgment is entered in favor of Barrett Windish, a minor, by Robert S. Windish and Marianne Windish, his parents and natural guardians, against Roger Watts and Nancy Watts in the sum of $300.