## Lapp v. Galley

666

*James B. Yelovich,* for plaintiff.
*Wilbert H. Beachy, III,* for defendant.

COFFROTH, *P. J.,* July 28, 1982 — This trespass case is before us on the preliminary objections of defendant Gary Galley (individually) demurring to plaintiffs' complaint or in the alternative moving for a more specific complaint. The issue is whether the complaint sufficiently pleads a cause of action against defendant Gary Galley as parent of the minor defendant for damages resulting from a gunshot wound to plaintiff wife inflicted by the minor defendant.

The complaint alleges a cause of action against the minor whose sufficiency is not challenged, and the minor has filed a responsive answer. The cause of action against defendant father individually is grounded on averments of fault which may be summarized as follows: permitting the minor access to unsecured firearms and ammunition and to use firearms unsupervised when the parent knew or should have known of the attraction of firearms to the minor and the minor's propensity to use and discharge firearms. These actions are described as "negligent, wilful, wanton, reckless, indifferent and outrageous conduct".

The preliminary objections state two grounds for relief: (1) failure to allege that the minor defendant had previously exhibited to defendant father "vicious propensities toward other persons in any manner whatsoever, including the use and discharge of

firearms".... "so as to charge the parent with knowledge and to require the parent to restrain and control the child"; and (2) failure of the complaint to limit the amount of damages claimed to that allowed by the Act of 1967 PL 186,11 P.S. §§2001 et seq.

## DISCUSSION

Parent's Fault For Injury To Third Person By Child

The mere relationship of parent and child does not impose on the parent legal liability for the child's torts. PLE, Parent and Child §16; CJS, Parent and Child §123. But parents may be liable for a tortious act of their child where the act is done by the child as agent of the parent, or where the negligence of the parent is a cause of injury. PLE, supra, §16; CJS, supra, §124-125. As stated in Piell v Shanksville-Stonycreek School District et al, 33 Somerset L.J. 219,220(1976):

"Under present Pennsylvania law, in order to hold a parent or parents responsible for injuries caused to another by their child, it must appear that the parents had made their child their agent in undertaking the activity in question, or that the parents were present and had the opportunity to prevent the injury by exercising a reasonable control over the child, or that they knew or should have known that the child intended or was likely to cause the injury and took no reasonable steps to prevent it."

The general rule for parental control is summarized in Restatement (Second) of Torts §316 as follows:

"§316. Duty of Parent to Control Conduct of Child

A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

(a) knows or has reason to know that he has the ability to control his child, and

(b) knows or should know of the necessity and opportunity for exercising such control."

From these authorities it is apparent that there is no requirement of exhibition of "vicious propensity" by a child as a precondition of parental liability for a child's tort.[1] All that is needed to establish a negligence cause of action against a parent for a child's act is an act or omission of the parent in controlling the child which he knows or ought to know creates unreasonable risk of harm to another. Of course, knowledge or reason to know of a child's special or peculiar "propensities" is a factor in determining the parent's duty in the circumstances; but, in addition, any adult is charged with knowledge of the normal propensities of children which are common knowledge. See Restatement 2d of Torts §290; as stated in Comment k thereto:

"He [the actor] should realize that the inexperience and immaturity of young children may lead them to act innocently in a way which an adult would recognize as culpably careless, and that older children are peculiarly prone to conduct which they themselves recognize as careless or even reckless."

The foregoing principles are especially applicable to cases where an adult so keeps his firearm that children present may find it and use it; the adult should know of the attraction which firearms have for children and of their propensities to seek them out and to play and experiment with them without mature responsibility, and such parent will be held liable for the results of the use of the firearm by a child whom

---

1. The "vicious propensity" requirement has been commonly used in cases of injurious acts by animals. See: PLE, Animals §24; CJS, Animals §180.

the parent negligently allows to have access to it, particularly unsupervised access. See: Kuhns v. Brugger, 390 Pa. 331 (1957); Jackson v. Capello, 201 Pa. Super. 91 (1963); Mendola v. Sembol, 166 Pa. Super. 351 (1950); Archibald v. Jewell, 70 Pa. Super. 247 (1918); Guerra v. Hiduk, 16 D.&C. 417 (1931); Bochnak v. Fetsko, 30 Lackawanna 53 (1928); PLE, Parent and Child §16 page 237. In Kuhns v. Brugger, supra, the court commented as follows:

"It is contrary to every human experience to expect that children, particularly boys, would not want to touch and handle a pistol. There is something magnetic about highly engined firearms with their harmonious lines and graceful proportions which attracts both young and old, whether the ordnance be a beautiful revolver, an old-fashioned fowling piece or a piece of artillery. Bach knew or should have known that any 12 year old boy, such as either of his two grandsons, might rummage around his bedroom and, finding the pistol, handle it. Applying either 'foresight' or the 'hindsight' test, it is evident that Bach could have anticipated and foreseen the likelihood of harm resulting from leaving the loaded pistol in an unlocked drawer in a bedroom frequented by children." (At page 345)

"The gist of the liability sought to be imposed is that Bach was negligent in permitting a highly dangerous instrumentality to be in a place where the incautious hands of a child might come in contact with it and the handling and discharge of this instrumentality by the child was the natural and probable consequence of Bach's negligence and such a consequence as might and ought to have been foreseen by Bach as likely to flow from his act. Bach's act in permitting this weapon, with its deadly potentialities, to remain in a place frequented by

young children constituted negligence on his part; the intervention of his young grandchild did not break the chain of causation between his negligence and the injury which occurred and was a natural and probable result to be anticipated from the original negligence." (At pages 346-347).[2]

This complaint's averments are sufficient to state a cause of action within the foregoing principles of law. Compare Monske v. Mazaleski, 54 Lackawanna 189 (1953).

### Act Of 1967 P.L. 186

This statute (11 P.S. §§2001-2005) imposes liability on custodial parents for injuries caused to third persons by the "wilful, tortious act" of the child not exceeding $300 for injury to any one person nor more than $1,000 to multiple victims. But §5 of the statute expressly states that the act "shall not limit the common law liability of parents for damages caused by a child" (11 P.S. §2005). And §3(b), 11 P.S. §2003(b), provides that if a civil judgment for such injury has been rendered against the child, and is unsatisfied for 30 days or more, the injured person may petition the court for a rule to show cause why judgment should not be entered

---

2. The court also cited as applicable Restatement 2d of Torts §308 which provides as follows:

"§308. Permitting Improper Persons to Use Things or Engage in Activities

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

See particularly Comment b relating to firearms.

against the parent for the amount allowed by the statute.

The instant proceeding is a common law action and, no judgment having yet been rendered, the foregoing statute is presently inapplicable. Moreover, the statute is concerned only with liability of the parent for the child's tort, whereas the present preliminary objections are directed to Counts 2 and 4 of the complaint based only on the parent's fault, not on vicarious liability for the child's negligence.

## ORDER

Now, July 28, 1982, the preliminary objections to the complaint are overruled, with leave to plead further to the complaint within 20 days.