## Olszanowski v. Chase

*James J. Stuczynski,* for plaintiffs.

*T. Dana Watson,* for plaintiffs Claire and Judith Monschein.

*James T. Margen,* for defendant Shirley Chase.

*Gary Eiben,* for defendant Sandra Chase.

*T. Warren Jones,* for defendant Lisa Monschein.

*Gregory L. Heidt,* for additional defendant Maura Naughton.

*Ronald J. Susmarski,* for additional defendant Vicki Ciprian.

NYGAARD, *J.,* February 20, 1985 — Co-defendant Shirley Chase traveled to Florida for a week during November of 1980. While no arrangements were made for another adult to reside with her daughter Sandra, age 16, and her son Gale, age 21, during the week of her absence, a cousin and uncle resided nearby. During that absence, her daughter Sandra held a party at the family residence in Erie, Pa. The evening of the party, while operating a 1969 Buick, the daughter caused the vehicle to leave the roadway, entering the property of plaintiffs, colliding with two parked vehicles owned by them.

Plaintiffs maintain that defendant's daughter was intoxicated and operated the vehicle in a negligent manner. They also contend that Shirley Chase knew or should have known that the family residence had on previous occasions been used by her daughter for parties which they describe as "raucous affairs" with participants engaging in negligent activities. They allege that under such circum-

stances Shirley Chase was negligent in failing to exercise due care. Conversely, co-defendant Shirley Chase alleges no more than one bottle of liquor was kept by her at her residence and she kept no beer, further contending she had no knowledge that her daughter consumed alcoholic beverages.

Co-defendant Shirley Chase has presented the court with a motion for summary judgment. This motion will be granted.

"In order to make parents liable for an injury caused by their child, the injury must be the natural and probable consequence of the parents' negligent act, that is a consequence which, under the surrounding circumstances, might and ought reasonably to have been foreseen as likely to flow from such negligent act. Mere knowledge by the parent of the child's mischievous and reckless disposition is not enough to make them liable for the torts of the child; their liability arises from their failure to exercise the control which they have over their child when they know, or in the exercise of due care should know, that an injury to another is a natural and probable consequence, since such failure to act in restraining the child amounts to an approval and sanction of, or assent to, his acts by the parent." Pennsylvania Law Encyclopedia, Volume 28, Parent and Child, §16, page 236.

Plaintiffs have not stated a valid cause of action, even accepting as true all the facts presented. They have failed to allege sufficient facts upon which a jury could legally conclude Shirley Chase was negligent. Absent a genuine issue as to any material fact, she is entitled to summary judgment as a matter of law.

In Condel v. Savo, 350 Pa. 350, 39 A.2d 51 (1944), the court recited the common-law rule that the mere relation of parent and child imposes upon

the parent no liability for the tort of the child, but went on to point out:

"He is liable, however, only for his own fault and not that of his child. While it is also true that the parents did not actually participate in a particular tort here in controversy, they did know the habit of their child striking other children with sticks. They were bound to know that was a habit liable to cause injury to other children, especially smaller children. No one could be so familiar with the habit of a child of that age as the parent, and while the parent cannot be held to the degree of liability of one harboring a vicious dog after notice of its viciousness, or a wild animal, we think parents should be held responsible and liable for a dangerous habit of a child of which they have knowledge and take no steps to correct or restrain. It is that which constitutes the negligence on the part of the parent." Even if, as alleged by plaintiffs, co-defendant Shirley Chase knew of parties held by her daughter in the past, such activity is not a "dangerous habit" or a habit liable to cause injury to others, which would constitute negligence on her part. See also Glasso v. Woolley, 33 North. 282 (1953).

Finally, there is no statutory liability pursuant to 11 P.S. §201 et seq. which would preclude this court from granting summary judgment. The statute only provides for parental liability in cases where the child's actions constitute willful torts. This is not the case in the action before us.

Accordingly, we enter the following

## ORDER

And now, this February 20, 1985, upon consideration of co-defendant Shirley Chase's motion for summary judgment, the same is hereby granted.