## Goehring v. Alioto

C.P. of Butler County, no. 93-10654.

*Niel Saunders,* for plaintiffs.
*Lee Montgomery,* for defendants.

DOERR, *J.,* December 21, 1999—Before the court is a motion for summary judgment filed by defendant Fred Gibbons and defendant Victoria Gibbons.

## BRIEF FACTUAL BACKGROUND

On February 7, 1992, defendant Robert J. Klein stole a motor vehicle owned by defendant John Alioto and defendant Kathleen Alioto. Defendant Brian Gibbons was a passenger. Law enforcement officers spotted the vehicle being driven by Robert Klein and a chase ensued. During the chase, Robert Klein collided the Alioto automobile into another motor vehicle driven by plaintiff Lori L. Goehring. Lori Goehring sustained physical injury and she brought suit in negligence against the defendants.

## LEGAL STANDARD

Summary judgment is granted properly when the moving party is entitled to judgment as a matter of law. *McConnaughey v. Building Components Inc.,* 536 Pa. 95, 637 A.2d 1331 (1994). When deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party and it must resolve all doubts concerning the existence of a

genuine material fact against the moving party. *Redland Soccer v. Department of Army,* 548 Pa. 178, 696 A.2d 137 (1997).

Because an order favorable to the moving party will end prematurely an action, summary judgment should be entered only in the clearest of cases. *Boyer v. Walker,* 714 A.2d 458 (Pa. Super. 1998).

## LEGAL ANALYSIS

Defendant Fred Gibbons and defendant Victoria Gibbons argue that plaintiffs have failed to establish a cause of action for negligent supervision of a child. Plaintiffs counter that defendant Fred Gibbons and defendant Victoria Gibbons had the means and method to prevent the automobile theft but they did not exercise the necessary steps to prevent it.

At common law, the mere relation of parent and child imposes upon the parent no liability for the torts of the child, but the parents may be liable where the negligence of the parents makes the injury possible. *Condel v. Savo,* 350 Pa. 350, 39 A.2d 51 (1944). The injury committed by the child must have been the natural and probable consequence of the parents' negligence; that is, a consequence which, under the surrounding circumstances, might reasonably to have been foreseen to flow from the negligent act. *Condel* at 352.

The court finds that defendant Fred Gibbons and defendant Victoria Gibbons were aware that their son Brian Gibbons had a propensity for theft. In August 1991, Brian Gibbons was adjudicated delinquent for theft. (Depo. p. 38.) One year later, Brian Gibbons was adjudicated delinquent for theft and burglary. (Depo. p. 38). The court finds that while defendant Fred Gibbons and defendant

208

Victoria Gibbons did not participate in the particular action in controversy, they knew of the habit of their child for theft. *Condel* at 353. The court finds that they were aware their son's habit was bound to cause injury to others. *Id*. The instant action might reasonably have been foreseen to flow from the negligent act. *Condel* at 352.

Summary judgment is proper only in cases that are clear and free from doubt. Here, the court concludes that a controverted issue of fact is present and summary judgment is inappropriate. *Redland* at 138, 696 A.2d at 141. Accordingly, the motion for summary judgment of defendant Fred Gibbons and defendant Victoria Gibbons is denied.

## ORDER

And now, December 21, 1999, based upon the foregoing memorandum opinion, it is hereby ordered and decreed that the motion for summary judgment of defendant Fred Gibbons and defendant Victoria Gibbons is denied.