**Waldron v. Martini**

C.P. of Monroe County, no. 3650 Civil 2009.

*Brett J. Riegel,* for plaintiffs.
*Vance E. Meixsell,* for defendants.

WALLACH MILLER, *J.,* July 2, 2010—In December 2007, several minors, including defendant Joel Martini,

allegedly shot paintballs at the plaintiffs David A. Waldron and Jennifer L. McElwain's house causing damage. Plaintiffs subsequently filed a complaint against numerous defendants, including Joel and his parents, defendants Joseph P. Martini and Denna J. Martini (collectively with Joel defendants) on April 17, 2009. This court sustained preliminary objections to plaintiffs' complaint on September 8, 2009. This court again sustained preliminary objections to plaintiffs' first amended complaint on January 4, 2010. Plaintiffs filed this second amended complaint on February 2, 2010.

Defendants again raise preliminary objections on the following grounds: (1) failure to plead material facts and aver damages with the specificity required by Pennsylvania Rules of Civil Procedure 1019(a) and (f); (2) a demurrer to plaintiffs' request for punitive damages; (3) a demurrer to plaintiffs' request for legal fees as part of punitive damages; (4) a demurrer for failing to plead damages in accordance with Pa.R.C.P. 1019(a) and (f); (5) a demurrer to claims against parents in Counts I and III and; (6) that plaintiffs' claim for statutory liability of parents improperly requests damages for negligent actions of Joel and therefore must be struck under Pa.R.C.P. 1028(a)(2). Additionally, defendants seek sanctions under 1023.1.

Pa.R.C.P. 1028(a)(2) permits a party to file preliminary objections to strike impertinent or scandalous matter included in a pleading. Our Pennsylvania Commonwealth Court held in *Common Cause/Pennsylvania v. Commonwealth,* 710 A.2d 108, 115 (Pa. Commw. 1998) that scandalous and impertinent allegations are immaterial and inappropriate to the cause of action. Additionally, Pa.R.C.P. 1028(a)(4) permits preliminary objections in

the form of a demurrer in order to strike insufficient pleadings. Pa.R.C.P. A demurrer asserts that a complaint fails to state a claim upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible. *Lerner v. Lerner,* 954 A.2d 1229, 1234-35 (Pa. Super. 2008). A demurrer does not admit conclusions of law or unjustified inferences. *Id.* Preliminary objections may only be granted in cases that are free from doubt. *McCullough v. Clark,* 784 A.2d 156, 157 (Pa. Super. 2001).

From the onset, we will strike paragraph 13 of the second amended complaint as being irrelevant to plaintiffs' cause of action.

Defendants' first preliminary objection argues that the second amended complaint must be struck for failing to plead alleged damages in conformity with Pa.R.C.P. 1019(a) and 1019(f). Defendants' fourth preliminary objection also raises a demurrer on identical grounds. In particular, defendants argue that the second amended complaint fails to plead special damage suffered by plaintiffs with the specificity required by Pa.R.C.P. 1019(f). Pa.R.C.P. 1019 provides in pertinent part:

"(a) Material facts on which a cause of action is based stated in concise and summary . . . .

"(f) Averments of time, place, and items of special damages shall be specifically stated." Pa.R.C.P. 1019(a); (f).

General damages are those that are of the ordinary consequence for the wrong done. *Hooker v. State Farm*

*Fire and Casualty Co.,* 880 A.2d 70, 77 (Pa. Commw. 2005). In contrast, special damages are those not of the usual and ordinary consequences. *Id.* We find that the second amended complaint does not ask for damages that are outside of the usual and ordinary. Plaintiffs have therefore not requested special damages. Objections relating to Pa.R.C.P. 1019(f) are thus inapplicable. Accepting all facts as well-pled, we also find it sufficient that plaintiffs' have pled that their property has suffered harm as a result of defendants' actions. We find plaintiffs have pled the material facts on which their cause is based in conformity with Pa.R.C.P 1019(a). We therefore dismiss these preliminary objections.

Defendants raise a preliminary objection in the form of a demurrer to plaintiffs' request for punitive damages against Joel. In Pennsylvania, punitive damages may be awarded for "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Hutchison ex rel. Hutchison v. Luddy,* 582 Pa. 114, 121, 870 A.2d 766, 770 (2005) (quoting *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747 (1984)). Our Pennsylvania Supreme Court held that reckless indifference is shown when the actor's conduct creates a risk of physical harm substantially greater than that which is necessary to make his conduct negligent. *Id.* at 122, 870 A.2d at 771. Plaintiffs here allege that Joel showed recklessness and gross negligence with disregard to the safety of plaintiffs and the value of plaintiffs' property. As noted, gross negligence is insufficient grounds to grant punitive damages. Accepting all well-pled facts, we find that the second amended complaint alleges no facts demonstrating a physical risk to plaintiffs. We find that plaintiffs have not sufficiently pled evil motive or reckless indifference to the rights of

others. We therefore sustain defendants' demurrer and strike plaintiffs' request for punitive damages. Having struck the plaintiffs' request for punitive damages, we likewise strike plaintiffs' requests for attorneys' fees.

Defendants' fifth preliminary objection in the form of a demurrer to Counts I and III argues that the adult defendants cannot be held liable for the torts of their child. Defendants support this argument alleging that parents cannot be held liable for their child's intentional torts as they did not participate. Defendants also argue that parents cannot be held negligent for the actions of their minor children under the common law. We first note that Count I of plaintiffs' second amended complaint contains no claims against parents. Turning to Count III, we find that defendants have misconstrued plaintiffs' second amended complaint. Whether the children committed an intentional tort or were negligent is irrelevant, as Count III against parents is based on a theory of negligent supervision.

Under Pennsylvania law a parent may be found liable for the acts of their child where their own negligence makes injury possible. *Condel v. Savo,* 350 Pa. 350, 352, 39 A.2d 51, 52 (1944). Our Supreme Court held that a parent's duty "arises when a parent at the relevant time knows or should know of the need to exercise parental control and has the ability and opportunity to do so." *K.H. v. J.R.,* 573 Pa. 481, 498, 826 A.2d 863, 874 (2003). Our Superior Court held that if the injury ought to have been foreseen by the parents, their negligence is the proximate cause of the injury. *J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64, 66 (Pa. Super. 2000). Here, plaintiffs have argued that the parents had a duty to control their children as they should have known the paintballs could

harm others or their property. Plaintiffs argue that the damage that resulted was foreseeable and therefore the proximate cause of the harm. Accepting all facts as true, we find that facts are sufficiently pled to overcome this objection. We therefore dismiss defendants fifth preliminary objection.

Defendants' final preliminary objection seeks to strike the language seeking negligent liability under 23 Pa.C.S. §5501 et seq. for failing to conform with law. Under Pennsylvania law, parents may be held statutorily liable for the tortious acts of their children. 23 Pa.C.S. §5502. However, the statute giving rise to parental liability defines "tortious acts" as a willful tortious act resulting in injury." 23 Pa.C.S. §f5501. As explained by our sister court in the Butler County, a willful tortious act is something done willfully, intentionally or on purpose. *Kelly v. Seachrist,* 18 D.&C.4th 514, 516 (1993). Paragraph 43 of the second amended complaint seeks 23 Pa.C.S. §5501 et seq. liability of parents for Joel's torts "whether intentional or negligent." As 23 Pa.C.S. §5501 applies only to intentional torts, we find that language seeking liability for negligence fails to conform with law. As such we shall sustain defendants' sixth preliminary objection and strike the word "negligent".

We briefly turn to plaintiffs' preliminary objections to Martini's preliminary objections. Plaintiffs argue that defendants Martini did not comply with Monroe County Rule of Civil Procedure 1028. Under Monroe County Rule of Civil Procedure 1028, at the time of filing preliminary objections "the moving party shall also file praecipe to place the matter on the first argument list occurring more than 30 days following the filing the motion." The moving party shall also file a brief in sup-

port of such motion within 10 days. *Id.* Failure to comply may be sufficient basis for the court to deny the motion. However, the Monroe Rules of Local Procedure merely create an optional basis for the court to deny a motion. As we find that plaintiffs did not suffer prejudice as a result of defendants' actions, we will dismiss plaintiffs' preliminary objections.

Finally, we dismiss defendants' request for sanctions as this court would be overwhelmed if sanctions were granted for filing an inartfully drafted complaint. We therefore enter the following order.

## ORDER

And now, July 2, 2010, defendants shall file a responsive pleading to plaintiffs' second amended complaint as modified by the foregoing opinion.